Case 3:14-cr-30098-RAL Document 64 Filed 03/24/15 Page 1 of 3 PageID #: 207

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



FILED
MAR 24 2015

| UNITED STATES OF AMERICA, | 3:14-CR-30098-RAL |
|---|---|
| Plaintiff, | |
| vs. | ORDER ON PRETRIAL MOTIONS |
| VINCENT ABRAHAM BATTESE, | |
| Defendant. | |

On March 23, 2015, this Court held a pretrial conference and motion hearing and ruled preliminarily on the parties' motions in limine. Such rulings are preliminary in nature, and what transpires during trial may justify different rulings. For the reasons explained, it is hereby

ORDERED that Defendant's Motion in Limine to Prohibit Specified Evidence, Doc. 52, is granted in part and denied in part with rulings on the subparts as follows:

1. No mention shall be made during voir dire, opening statements, or testimony of the specifics of Defendant's prior instances of domestic violence, bad acts, and convictions, but the alleged victim will be allowed to testify about why her relationship with Defendant terminated and testify generally about that relationship.

2. Defendant's prior drug felony shall not be mentioned in voir dire, opening statements, or testimony, unless the door is opened to such evidence in which case counsel are directed to first approach the Court before introducing such information to the jury.

3. No mention shall be made of Defendant's invocation of his Fifth Amendment rights.

1

4. Specific instances of Defendant's prior drug use are inadmissible and shall not be mentioned at any point during the trial, although the alleged victim may testify to her observations of Defendant on the day in question and her belief based on the observations that he was acting under the influence of drugs.

5. By agreement of the parties, testimony about Defendant's PBT and blood sample and contents will not be admissible unless Defendant opens the door through his own testimony.

6. Defendant's motion in limine to exclude testimony about his allegedly having a knife at the alleged victim's home, stabbing the wall, and slicing his finger is denied.

7. Defendant's motion in limine to exclude reference to children being present at the alleged victim's home is denied.

8. Defendant's motion in limine to preclude testimony from Dr. Huber is denied, and Dr. Huber will be allowed to testify and give medical opinions as long as proper foundation is laid.

9. Defendant's additional motion in limine to preclude the booking photos is denied because the probative value to show the lack of injury to Defendant other than a bandaged slice to his finger is not substantially outweighed by the danger of unfair prejudice.

It is further

ORDERED that the Government's Motion in Limine to Prohibit Specified Character Evidence, Doc. 60, is granted in part and denied in part. Testimony that the alleged victim is "crazy," "suicidal," "unstable" and the like from Defendant's family members is not admissible. However, under Federal Rule of Evidence 404(a)(2), some evidence of the alleged victim

allegedly having harmed herself may be admissible on the Defendant's apparent theory of the case that the alleged victim's injuries were self-inflicted. See United States v. Taken Alive, 262 F.3d 711 (8th Cir. 2001) (finding reversible error to refuse to allow defendant to present evidence of alleged victim police officer's aggressive and violent tendencies even though prosecution was barred from introducing evidence of defendant's assaultive behavior toward other officers). The Court will want to hear more about the circumstances surrounding the incident allegedly witnessed by Defendant's sister however.

DATED this 24th day of March, 2015.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE